IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| STEVEN J. ESTOPARE, | ) |
| Plaintiff, | ) Cause No. 2422-CC00267 |
| v. | ) |
| CITY OF ST. LOUIS, | ) Division No. 1 |
| Defendant | ) |
| Serve:<br>Sheena Hamilton, City Counselor<br>1200 Market St., Room 314<br>St. Louis, MO 63103 | ) |
| Defendant. | ) **JURY TRIAL REQUESTED** |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Steven J. Estopare, and for his Petition against the City of St. Louis states as follows:

### Allegations Common to All Counts

1. Plaintiff Steven J. Estopare is a white, disabled citizen. At all relevant times, Plaintiff was employed by Defendant City of St. Louis and resided in the City of St. Louis.

2. Defendant City of St. Louis is a municipality organized and operating as a body politic and sub-division of the State of Missouri, pursuant to the Constitution of the State of Missouri, and has the authority delegated to it by the State of Missouri to make and enforce local ordinances, collect taxes, enforce the laws of the State of Missouri, and govern the affairs of the Citizens of the City of St. Louis and the State of Missouri.

3. Venue in this Court is proper pursuant to Mo.Rev.Stat. § 508.010.4 and/or Mo.Rev.Stat. §213.111.1.

4. At all times relevant herein, Defendant City of St. Louis is an employer, as defined by the Missouri Human Rights Act ("MHRA"), Mo.Rev.Stat. §213.010.7, in that Defendant employed six (6) or more persons in the State of Missouri and is a political subdivision of the State of Missouri.

5. The St. Louis Street Department is a division of the government of the City of St. Louis.

6. At all times relevant herein, Plaintiff was an individual legally entitled to the protections against race, and disability discrimination under Missouri law, as set forth in the MHRA, Mo.Rev.Stat. § 213.055, and under Federal Civil Rights law.

7. Plaintiff has been employed by the Towing Division of the Street Department since February 2020. At all relevant times, Plaintiff has held the position of Administrative Assistant II.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF FEDERAL CIVIL RIGHTS LAW & MISSOURI HUMAN RIGHTS ACT

8. Plaintiff has severe essential tremors and was diagnosed with said disability long before he became employed with the City of St. Louis.

9. Since Plaintiff has been working under Director of Streets for the City of St. Louis, Ms. Betherny Williams, she has focused on and stared at his hands and arms, refusing to give him eye contact.

10. This conduct from Director Williams has occurred on dozens of occasions.

11. After the first two meetings between Plaintiff and Director Williams, Plaintiff explained his discomfort and concern with Director Williams staring at his hands and arms.

12. Plaintiff went so far as to send Director of Williams an email about his discomfort and requested she refrain from her behavior.

13. Plaintiff became increasingly uncomfortable to the point he disclosed his disability and the treatment he underwent to mitigate his tremors to Director Williams.

14. This did not deter Director Williams' behavior as she continued to stare at Plaintiff's hands and arms.

15. During the same timeframe, Director Williams told Plaintiff that she would be moving him away from the tow yard and out of the public's eye. She indicated that she wanted to place Plaintiff behind the scenes at the location off Hampton Avenue.

16. Plaintiff told Director Williams that this was unacceptable, but she continually pestered Plaintiff telling him that she was moving him to the location off Hampton Avenue.

17. Due to lack of staff, it was practically impossible for Director Williams to move the Plaintiff to work at the location off Hampton Avenue.

18. Director Williams and another supervisor Chris Carter denied and dismissed that Plaintiff had a disability even when he told them in person.

19. In April 2023, Plaintiff had to take leave under the Family Medical Leave Act ("FMLA") due to suffering from anxiety and depression caused by the discrimination he suffered at work due to his disability.

20. Plaintiff's disability, essential tremors, was a contributing factor in the actions described above and below, including the discriminatory investigation and discipline of Plaintiff being placed on forced leave.

21. On or about September 2023, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and Equal Employment Opportunity Commission ("EEOC").

22. On <u>November 20, 2023</u>, the EEOC issued a Notice of Right to Sue for the above Charge Number, a copy of which is attached here to as Exhibit 1.

23. Plaintiff has filed this action within ninety (90) days of the date on the Notice, and within two (2) years of the last act of discrimination.

24. As a result of Defendant's conduct and actions, Plaintiff has suffered lost wages and benefits of employment.

25. As a result of Defendant's conduct and actions, Plaintiff has suffered emotional distress, mental anguish, embarrassment, humiliation, and harm to his reputation.

26. As a result of Defendant's conduct and actions, Plaintiff has incurred attorneys' fees and costs of litigation, and will continue to incur such fees and costs.

WHEREFORE, Plaintiff prays that after trial by jury, this Court enters judgment in favor of Plaintiff and against Defendant for her lost wages and benefits of employment, pre-judgment interest on same, for emotional distress, attorneys' fees and costs of litigation, and for such other and further relief as the Court deems just and proper.

## COUNT II: RACE DISCRIMINATION IN VIOLATION OF FEDERAL CIVIL RIGHTS LAW & THE MISSOURI HUMAN RIGHTS ACT

27. Plaintiff restates and realleges Paragraphs 1-25 and incorporates them as if set forth fully herein.

28. Because of a lack of staffing at the tow-yard, Director Williams expected the Plaintiff to cover all uncovered shifts for clerks and dispatchers Plaintiff supervised, including all shifts.

29. This led to Plaintiff working over 33 straight consecutive days without a day off.

30. Director Williams was not only aware of Plaintiff working over 33 straight consecutive days, but expected as much.

31. Another staff member with the same job grade and similar job duties as Plaintiff, Mr. Edwin Young, was told not to cover shifts of the individuals that staff member supervised.

32. That staff member proudly walked around on many occasions and stated that Director Williams told him to only work his shift and not cover any other shifts because it was not that staff member's responsibility.

33. A difference between Mr. Young and Plaintiff is their race, as Mr. Young is black and Plaintiff is not.

34. Plaintiff applied for the Commissioner of Towing position and was granted an interview.

35. Plaintiff completed the interview and provided a short-term and long-term plan for operating the tow yard.

36. Plaintiff was the most qualified candidate who interviewed for the position.

37. Director Williams called the Plaintiff a few weeks after his interview and stated that he was the only candidate with a plan, but she was not giving him the position. She did not tell Plaintiff why he was not getting the job.

38. Plaintiff reapplied for the Commissioner of Towing position, but this time he was not granted an interview.

39. Director Williams hired an individual for the position, Mr. L.C. Price, who possesses less experience than Plaintiff.

40. A difference between Plaintiff and Mr. Price is that Mr. Price is black while Plaintiff is not.

41. A difference between Director Williams and Plaintiff is that Director Williams is black while Plaintiff is not.

42. On or about April 3, 2023, Plaintiff was informed that there was an investigation regarding an incident that occurred at the tow yard.

43. Pursuant to the auspices of this "investigation", Plaintiff was placed on forced leave in May of 2023.

44. Plaintiff appealed the decision of being placed on forced leave within one week of the forced leave; however, the City of St. Louis has never responded to or ruled on the Plaintiff's appeal.

45. Plaintiff has fully cooperated with the aforementioned investigation.

46. Plaintiff was the only employee placed on forced leave pursuant to this apparent investigation.

47. The other employees involved in this investigation are black, Plaintiff is not.

48. In April 2023, Plaintiff had to take leave under the Family Medical Leave Act ("FMLA") due to suffering from anxiety and depression caused by the discrimination he suffered at work due to his race.

49. Plaintiff's opposition to racially discriminatory and disability discriminatory employment practices, and his race, as described above was a contributing factor in Defendant's conduct and actions described above.

50. On or about September, 2023 Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"). The EEOC docketed Plaintiff's charge as Charge No. 560-2024-00146. The MCHR docketed Plaintiff's charge as Charge No. FE-11/23-37326.

51. On <u>November 20, 2023</u>, the EEOC issued a Notice of Right to Sue for the above Charge Number, a copy of which is attached here to as Exhibit 1.

52. Plaintiff has filed this action within ninety (90) days of the date on the Notice, and within two (2) years of the last act of discrimination.

53. As a result of Defendant's conduct and actions, Plaintiff has suffered lost wages and benefits of employment.

54. As a result of Defendant's conduct and actions, Plaintiff has suffered emotional distress, mental anguish, embarrassment, humiliation, and harm to his reputation.

55. As a result of Defendant's conduct and actions, Plaintiff has incurred attorneys' fees and costs of litigation, and will continue to incur such fees and costs.

WHEREFORE, Plaintiff prays that after trial by jury, this Court enters judgment in favor of Plaintiff and against Defendant for her lost wages and benefits of employment, pre-judgment interest on same, for emotional distress, attorneys' fees and costs of litigation, and for such other and further relief as the Court deems just and proper.

*Sue For $500,000.00*

Respectfully Submitted,

/s/ Steven J. Estopare

Steven J. Estopare, Pro Se

Sworn to and subscribed before me this 13TH date of February, 2024.

Witness my hand and official seal.

Notary Public _____



BARBARA D. [NEWROW]
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis City
My Commission Expires: May 31, 2024
Commission Number: 20606492