# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEVEN ESTOPARE, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) Case No. 4:24-cv-00428-HEA |
| v. | ) |
| | ) |
| CITY OF ST. LOUIS, | ) |
| | ) |
|     DEFENDANT, | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION

COMES NOW Defendant City of St. Louis ("City") and denies everything not admitted, and in particular, states the following as its Answer to Steven Estopare's ("Plaintiff") Petition:

## ALLEGATIONS COMMON TO ALL COUNTS

1. City admits only that Plaintiff was employed by the City of St. Louis. The City is without sufficient knowledge and information to form a belief as to the other allegations in ¶1, therefore denies.

2. City admits only that it is a constitutional charter City organized pursuant to the Constitution of the State of Missouri, and denies all other allegations in ¶2.

3. City admits only that venue is proper in the United States District Court for the Eastern District of Missouri.

4. Admits.

5. City admits only that there is a Street Department in the City of St. Louis.

6. The City is without sufficient knowledge and information to form a belief as to the other allegations in ¶6, therefore denies.

## **COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF FEDERAL CIVIL RIGHTS LAW & MISSOURI HUMAN RIGHTS ACT**

7. City admits only that Plaintiff held the position of Administrative Assistant II during the relevant time period, as to all other allegations in ¶7, City denies.

8. The City is without sufficient knowledge and information to form a belief as to the other allegations in ¶8, therefore denies.

9. Denies.

10. Denies.

11. Denies.

12. Denies.

13. City admits only that Plaintiff discussed his disability with Director Williams, City lacks sufficient information and knowledge to form a belief as to the remaining allegations in ¶13, therefore denies.

14. Denies.

15. Denies.

16. Denies.

17. Denies.

18. Denies.

19. City admits only that Plaintiff took leave under FMLA, the City is without sufficient knowledge and information to form a belief as to the other allegations in ¶19, therefore denies.

20. The allegations in ¶20 are legal conclusions to which no response is required, to the extent a response is required, City denies.

21. City lacks sufficient knowledge and information to form a belief as to the allegations in ¶21, therefore denies.

22. The City is without sufficient knowledge and information to form a belief as to the allegations in ¶22, therefore denies. Further, Plaintiff references Exhibit 1, however no exhibits were attached to Plaintiff's Petition.

23. City lacks sufficient information and knowledge to form a belief as to the allegations in ¶23, therefore denies.

24. Denies.

25. Denies.

26. Denies.

## COUNT II: RACE DISCRIMINATION IN VIOLATION OF FEDERAL CIVIL RIGHTS LAW & THE MISSOURI HUMAN RIGHTS ACT

27. Defendant restates its responses to paragraphs 1-26 and incorporates them as if set forth fully herein.

28. Denies.

29. Denies.

30. Denies.

31. Denies.

32. City lacks sufficient knowledge and information to form a belief as to the allegations in ¶32, therefore denies.

33. City admits only that Mr. Young is biracial and Plaintiff is White.

34. Admits.

35. Admits.

36. Denies.

37. Denies.

38. City lacks sufficient knowledge and information to form a belief as to the allegations in ¶38 therefore denies.

39. City admits only that L.C. Price was hired as Commissioner of Towing, and denies all remaining allegations in ¶39.

40. Admits.

41. Admits.

42. Admits.

43. City admits only that Plaintiff was placed on forced leave pursuant to the investigation, City lacks sufficient knowledge and information to form a belief as to the other allegations in ¶43, therefore denies.

44. City lacks sufficient knowledge and information to form a belief as to the other allegations in ¶44, therefore denies.

45. Denies.

46. Admits.

47. Admits.

48. City admits only that Plaintiff took leave under the Family Medical Leave Act, City lacks sufficient knowledge and information to form a belief as to the allegations in ¶48 therefore denies.

49. The allegations in ¶49 amount to a legal conclusion to which no response is required, to the extent a response is required, City denies.

50. City lacks sufficient knowledge and information to form a belief as to the allegations in ¶50 therefore denies.

51. The City is without sufficient knowledge and information to form a belief as to the allegations in ¶51, therefore denies. Further, Plaintiff references Exhibit 1, however no exhibits were attached to Plaintiff's Petition.

52. The City is without sufficient knowledge and information to form a belief as to the allegations in ¶52, therefore denies.

53. Denies.

54. Denies.

55. Denies.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted under the MHRA or Title VII including any claims for damages, compensatory or punitive damages.

2. Plaintiff's claims are barred, in whole or in part, by his failure to exhaust administrative remedies as required by the MHRA and Title VII.

3. Plaintiff's claims are barred in whole or in part, or his damages, if any, should be reduced because Plaintiff failed to take steps to mitigate his damages.

4. All actions and decisions of Defendant, with respect to Plaintiff, were reasonable, taken for legitimate and non-discriminatory reasons and Defendant had a lawful justification for its conduct.

5. Defendant hereby incorporates all these above stated affirmative defenses in the individual paragraphs responding to Plaintiff's allegations.

6. Although Defendant denies Plaintiff sustained damages, any award of compensatory damages would be subject to statutory caps.

7. Defendant exercised reasonable care to prevent the alleged behavior in Plaintiff's complaint, and Plaintiff unreasonably failed to take advantage of all preventative or corrective opportunities provided by Defendant to otherwise avoid harm.

WHEREFORE, having fully answered, Defendant prays this court dismiss Plaintiffs Complaint with prejudice, together with Defendant's costs herein and for such other and further relief as this court deems necessary and proper.

Respectfully Submitted,
SHEENA HAMILTON
CITY COUNSELOR

/s/ Rachael Hagan
Rachael Hagan #74923
Assistant City Counselor
1200 Market Street
City Hall, Room 314
St. Louis, MO 63103
314.622.4618
FAX: 314.622.4956
HaganR@stlouis-mo.gov

*Attorney for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all parties and served upon the Plaintiff via certified mail.

/s/ Rachael Hagan